UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM DAVID BUSH,<br><br>Plaintiff,<br><br>v.<br><br>CARDTRONICS INC., et al.,<br><br>Defendants. | Case No. 3:19-mc-80062-EJD<br><br>**ORDER DENYING MOTION FOR DE NOVO REVIEW**<br><br>Re: Dkt. No. 7 |

Plaintiff William David Bush filed in this district an application to conduct discovery for litigation that is before courts in Mexico and that concerns ATMs in Mexico. Dkt. 1. The matter was assigned to a magistrate judge, who denied the application. Dkt. 6. Mr. Bush filed a declination to proceed before a magistrate judge, and now moves the court for de novo of the magistrate judge's order. Dkt. 4, 7. For the reasons discussed below, the court denies the motion.

As an initial matter, the court will not consider Mr. Bush's motion under de novo review. He contends that, pursuant to 28 U.S.C. § 636 and General Order 42, the magistrate judge's order was dispositive and should have been considered by a district judge. Dkt. 7 at 1. He is incorrect. The application is a series of discovery requests; it is not dispositive. As such, neither 28 U.S.C. § 636(b)(1)(A) nor General Order 42 prohibited the magistrate judge from considering and deciding the application. Because the application is for discovery, and not one of the enumerated matters in 28 U.S.C. § 636(b)(1)(A), the court is compelled to review the magistrate judge's order under the "clearly erroneous or contrary to law" standard of review—not under de novo review.

This standard of review is highly deferential to a magistrate judge's decision. *See United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he text of the Magistrates Act suggests that the magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court."). The Ninth Circuit has stated that a reviewing district judge "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of S.F.*,

Case No.: 3:19-mc-80062-EJD
ORDER DENYING MOTION FOR DE NOVO REVIEW
1

951 F.2d 236, 241 (9th Cir. 1991). For Mr. Bush to succeed here, the court must find that the magistrate judge's order was "clearly erroneous" or "contrary to law." *Id.* at 240. The "clearly erroneous" standard applies to factual findings and discretionary decisions. *F.D.I.C. v. Fid. & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A decision is "contrary to law" when it applies an incorrect legal standard or fails to consider all the elements of an applicable standard. *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008). The Court now considers whether the magistrate judge's order was "clearly erroneous" or "contrary to law."

To obtain discovery for a foreign proceeding pursuant to 28 U.S.C. § 1782, the applicant must first satisfy a three-part test. First, the applicant must show "(1) the discovery sought is from a person residing in the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an interested person." *In re Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016) (quotation and citation omitted). But, the Supreme Court has "explained that Section 1782 'authorizes, but does not require, the District Court to provide discovery aid.'" *Baxalta Inc. v. Genentech, Inc.*, 2016 WL 11529803, at *3 (N.D. Cal. Aug. 9, 2016) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 266 (2004)). If an applicant can meet the statutory requirements, the Supreme Court has directed district courts to exercise discretion based on the four, non-exhaustive factors:

> (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome."

*In re Ex Parte Apple Inc.*, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012) (quoting *Intel*, 542

U.S. at 264-65). Thus, a district court may still deny or limit an application that satisfies the statutory factors, if it does not merit an exercise of discretion.

Here, the magistrate judge denied Mr. Bush's application because (a) he failed to satisfy the first statutory factor, and (b) the first and fourth discretionary factors "weigh[ed] heavily against granting the application," so that "[e]ven if Mr. Bush's application satisfied the minimum statutory requirements of Section 1782, the court would exercise its discretion to deny the application." Dkt. 6 at 9.

The Court first considers the magistrate judge's ruling on the first and fourth discretionary factors. As to the first factor, the magistrate judge reasoned: "Mr. Bush says that Cardtronics, BlackRock, and Fiserv are all involved in the Mexican lawsuit. As such, the Mexican court can itself order any discovery of them that it deems appropriate. This factor weighs against granting the application." *Id.* at 8. Mr. Bush did not address the magistrate judge's ruling on this factor in his motion for review. The Court agrees with the magistrate judge; the magistrate judge's reasoning here is neither clearly erroneous nor contrary to the law.

On the fourth factor, the magistrate judge found that "Mr. Bush's sixteen requests are broad and do not appear to be tailored to his dispute with Cardtronics: they include (among other things) requests for all correspondence related to the ATM business in Mexico and/or the Caribbean (without further limitation) and for the Recipients' internal discussions about how to respond to Mr. Bush's prior complaints (which are presumptively confidential)." *Id.* at 8-9. Accordingly, the magistrate judge found that fourth factor weighed against granting the application. *Id.* at 9. In his motion, Mr. Bush broadly argues that the requested documents are not protected from discovery, that the companies at issue are publicly held, and that the requests are "of direct and subsequent connection" to his claims. Dkt. 7 at 3-4. The Court is not persuaded. The requests seek, for example, "all correspondence between [defendants'] organizations, via employees, subsidiaries, associates, representatives, or directors pertaining to Cardtronics Inc or Cardtronics Mexico or any other associated third party company in regard to the ATM business in Mexico and/or the Caribbean." Dkt. 1 at 4. The breadth of this request is staggering. The Court

Case No.: 3:19-mc-80062-EJD
ORDER DENYING MOTION FOR DE NOVO REVIEW
3

agrees with the magistrate judge that the discovery requests are unduly burdensome and intrusive. Accordingly, the magistrate judge's ruling was not clearly erroneous or contrary to law.

Finally, the Court agrees that these two factors weigh so heavily against granting Mr. Bush's application that it should be denied even if he could satisfy the three-prong test of the statutory requirements. *See* Dkt. 6 at 9. Accordingly, the Court does not consider the magistrate judge's finding as to the first statutory factor.

The motion for de novo review is denied.

**IT IS SO ORDERED.**

Dated: May 6, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 3:19-mc-80062-EJD
ORDER DENYING MOTION FOR DE NOVO REVIEW
4